# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

SUSIE ANNETTE SMITH,                )
                                    )
        Movant,                  )
                                    )
vs.                                 ) Case No. 2:13-cv-357-JMS-WGH
                                    )
UNITED STATES OF AMERICA.           )

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons discussed in this Entry, the motion of Susie Annette Smith for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

## I. Background

Smith was charged in the first count of a multi-defendant Indictment with conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. After a jury trial, Smith was found guilty of the charges against her and the Court sentenced her to a term of imprisonment of 151 months to be followed by five years of supervised release.

Smith unsuccessfully appealed her conviction and sentence to the Seventh Circuit. *See United States v. Moreland*, 703 F.3d 976 (7th Cir. 2012). On December 3, 2012, Smith's conviction and sentence were affirmed. Discussing the evidence against her, the Court of Appeals explained that "Smith stored large quantities of meth and money at her residence (a police search

recovered nearly $81,000 from a safe) and had firearms to defend the stash in aid of the drug conspiracy of her sons Wesley and Antrio Hammond. She assisted them in deliveries of meth and the collection of sale proceeds." 703 F.3d at 991.

## II. Discussion

Smith now seeks relief pursuant to 28 U.S.C. § 2255. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner challenges her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted).

Smith claims that she is entitled to relief under § 2255 arguing that her counsel was ineffective at trial and on appeal, that her sentence was improperly enhanced, and that the government did not prove the drug quantities attributable to her.

A. *Ineffective Assistance of Counsel*

Smith first asserts that her trial and appellate counsel were deficient in various respects. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that her trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.

*Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

      1. <u>Investigation</u>

Smith first argues that her trial counsel failed to conduct a reasonable and adequate investigation. She asserts that her counsel "had no sound base strategy," "piggybacked off of counsel representing other defendants" and did not investigate her case. Smith alleges that her counsel failed to listen to the wiretapped conversations submitted by the prosecution, leaving relevant information left unplayed, and did not investigate "who the real 'Annette' was that was spoken of in the tapes."

Vague assertions that counsel "had no sound base strategy" or "piggybacked off of counsel representing other defendants" are insufficient to support an ineffective assistance of counsel claim. *See Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir. 1996) (requiring a "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions"). Further, Smith argues that her counsel left relevant information from the wiretapped conversations unplayed, but does not explain what that information was or how it could have supported her defense. Again, this is insufficient to support her claims for relief. *See id*. To the extent that Smith argues that counsel did not investigate "who the real Annette was that was spoken of in the tapes," the record indicates differently. First, there is testimony that co-defendant Wesley Hammond, Smith's son, referred to Smith directly as his mother in the taped conversations. For example, Agent Freyberger of the United States Drug Enforcement Administration, testified as follows:

    Q Please go to lines 110 and 101. What is the name of Wesley Hammond's mom?

> A Susie Annette Smith.
>
> Q And in lines 110 and 11, Wesley Hammond says, "Make sure you can get that to my mom, to Annette; at least take all the stuff out of there."

Tr. 1461

In addition, Smith's counsel did raise the possibility that the taped conversations at issue could have referred to a different "Annette." In cross-examining Agent Freyberger, Smith's counsel asked the following questions:

> Q How many Annettes were involved in this investigation?
>
> A There was Susie Annette Smith, and then there was Annette Turner who went by Buddha and was identified as Buddha on the telephone conversations. I have never heard her called Annette during this investigation.
>
> Q And her name is Annette Turner?
>
> A That's correct.
>
> Q And do you understand that Susie Annette Smith's maiden main was Turner?
>
> A Yes.
>
> Q Okay. So in this particular investigation there are two Annette Turners?
>
> A Yes.

Tr. 1603. In other words, there was direct evidence that the "Annette" referred to in the wiretapped conversations was the petitioner and that her counsel attempted to draw out testimony that Smith was not the "Annette" referred to on the tapes. Her arguments that her counsel was ineffective in this regard are therefore unfounded.

### 2. Severance

Smith next argues that her trial counsel was ineffective for failing to move for severance under Rule 14 of the *Federal Rules of Criminal Procedure*. That Rule provides:

> If it appears that a defendant or the government is prejudiced by a joinder of ... defendants ... for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

There is a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("'Joint trials play a vital role in the criminal justice system.'") (quoting *Richardson v. Marsh,* 481 U.S. 200, 209 (1987)). The Supreme Court has therefore held that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "[A]ctual prejudice" does not exist just because "separate trials would have given a defendant a better opportunity for an acquittal." *United States v. Rollins,* 301 F.3d 511, 518 (7th Cir. 2002). Further, the Seventh Circuit has explained that "a simple 'disparity in the evidence' will not suffice to support a motion for severance—i.e., it does not independently establish 'actual prejudice.'" *United States v. Caliendo*, 910 F.2d 429, 438 (7th Cir. 1990) (quoting *United States v. Moya–Gomez,* 860 F.2d 706, 754-55 (7th Cir. 1988)).

Smith argues that her attorney should have moved for severance because the potential for prejudice against her was great. Smith has not shown the necessity for severance or that her counsel was deficient for not moving for severance. In addition, Smith states "even if the Judge would have ruled against the Motion to Sever counsel had a duty to the Movant to at least try and have her tried separately." But her counsel cannot be faulted for failing to make a motion that has no merit nor any likelihood of success. *See Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996) ("failure to raise such a meritless claim could not possibly constitute ineffective assistance of counsel"). Here, the jury was instructed to consider separately the charges against each defendant as follows: "You must give separate consideration both to each count and to each Defendant. You

must consider each count and the evidence relating to it separate and apart from every other count." (Final Instruction 16). In these circumstances, Smith has not shown that she was entitled to severance and therefore she has not shown that her counsel was ineffective for failing to move for severance.

### 3. Introduction of Wiretap Evidence

Smith also argues that her counsel was ineffective for failing to challenge the introduction of wiretap evidence at her trial. Smith's argument on this point is unclear and unsupported by the record. Smith appears to argue that a different judge suppressed the wiretap recordings, but the case was then "move[d] . . . to Indianapolis, Indiana, out of its original jurisdiction." But she points to no ruling in the record granting the motion to suppress. She also does not explain how the case was "moved to Indianapolis." The criminal case against Smith, No. 2:10-cr-007-JMS-CMM, was, in all aspects, tried in the Terre Haute Division of this Court even though the trial was held in Indianapolis. Further, the undersigned, who presided over the action, provided a reasoned and detailed ruling denying the motion to suppress (2:10-cr-0007-JMS-CMM, dkt no. 656). Smith has identified no error in that ruling. Her counsel therefore cannot be found ineffective with regard to any potential suppression of these recordings.

### 4. Confrontation Clause

Smith asserts that her right to confront the witnesses whose testimony was used against her was violated. Smith apparently objects to the use of her co-conspirators wiretapped statement against her at trial. She seems to argue that her counsel should have moved for severance to permit the cross-examination of individuals, particularly co-defendant Jennifer Poltrock, who made statements about Smith in the wiretapped conversations. But the use of such statements does not violate Smith's confrontation rights. Recordings featuring the statements of co-conspirators "by
6

definition, are not hearsay" and are admissible. *See United States v. Jenkins*, 419 F.3d 614, 618 (7th Cir. 2005). Presenting out-of-court statements of co-conspirators does not violate a defendant's right to confront witnesses against her. *See United States v. Inadi*, 475 U.S. 387, 400 (1986). There was therefore no error in the admission of this evidence.

### 5. Appellate Counsel

Finally, Smith argues that her appellate counsel was ineffective by failing to select strong arguments for appeal and by submitting a poorly written brief.

> Appellate counsel's performance is deficient if counsel fails to appeal an issue that is both obvious and clearly stronger than one that was raised. *Williams v. Parke,* 133 F.3d 971, 974 (7th Cir.1997). It is not necessary, however, that appellate counsel "raise every non-frivolous issue under the sun." *Mason,* 97 F.3d at 893. In addition, a petitioner demonstrates the requisite prejudice only when appellate counsel fails to raise an issue that "may have resulted in a reversal of the conviction, or an order for a new trial."

*Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001). Smith has identified no obvious issue that her counsel should have raised. Her argument that counsel should have argued that she was not the "Annette" discussed in the wiretapped conversations is merely a challenge to the sufficiency of the evidence against her. "A challenge to the sufficiency of the evidence is reviewed under an extremely deferential standard. We ask whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Harris,* 585 F.3d 394, 402 (7th Cir. 2009). Beyond her bare assertion that she is not the "Annette" at issue, Smith has no evidence to support this claim. Further, as already discussed, there was evidence at trial that she was, in fact, the "Annette" referred to in the tapes. Appellate counsel was therefore not ineffective for failing to argue that she was not. *See Stewart*, 80 F.3d at 1212 ("failure to raise . . . a meritless claim could not possibly constitute ineffective assistance of counsel.").

B. *Sentencing*

Smith also argues that her sentence is inappropriate under *Alleyne v. United* States, 133 S. Ct. 2151 (2013) and that the amount of Court attributed to her an inappropriate amount of drugs for sentencing purposes.

*Alleyne v. United* States, 133 S. Ct. 2151 (2013) holds that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime that must be determined by a jury. Smith argues that her sentence conflicts with this holding because her sentence was enhanced based on her possession of firearms, a fact that was not found by the jury. But *Alleyne* does not apply retroactively to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013). Because *Alleyne* was decided after Smith's conviction and sentence became final, does not provide a basis for relief in this § 2255 motion. *See Teague v. Lane*, 489 U.S. 288 (1989).

Smith also argues that the Court improperly calculated the amount of drugs attributable to her for purposes of the conspiracy. "For sentencing purposes, a criminal defendant convicted of a drug trafficking conspiracy is liable for the reasonably foreseeable quantity of drugs sold by his or her co-conspirators." *United States v. Seymour*, 519 F.3d 700, 710 (7th Cir. 2008). Smith has demonstrated no error in the Court's determination of the amount of drugs attributed to the conspiracy or any basis upon which a challenge to the amount of drugs attributed to her could have been premised. The sentence she received, 151 months imprisonment, was the bottom of the sentencing guidelines imprisonment range. There was no error in sentencing Smith.

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Smith is not entitled to relief on her § 2255 motion. There was no ineffective assistance of counsel and there is no need for an evidentiary hearing.

Accordingly, her motion for relief pursuant to § 2255 is **denied**, and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.[1]

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Smith has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: December 11, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Susie Annette Smith
Reg. No. 09490-028
Alderson Federal Prison Camp
Glen Ray Rd. Box A
Alderson, WV 24910

All electronically registered counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

---

[1] A copy of the Entry and Judgment in this action **shall be docketed** No. 2:10-cv-7-JMS-CMM-19.